### Joseph Cracchiolo, Appellee, v. Antone Palmersino, Appellant.

VERDICT—*when not disturbed.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly so.

Action on the case. Appeal from the City Court of Mattoon; the Hon. T. N. COFER, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 24, 1908.

BRYAN H. TIVNEN, for appellant; JOHN S. HALL, of counsel.

ANDREW L. CHEZEM, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit against appellant in the City Court of the city of Mattoon to recover for money alleged to have been wrongfully converted by appellant to his own use. There was a verdict in favor of appellee in the sum of $500. A *remittitur* was entered to the amount of $132.50 and judgment rendered in favor of appellee in the sum of $367.50, from which this appeal has been prosecuted.

Appellee in the first count of his declaration claimed that in June, 1907, he delivered to appellant for safe keeping the sum of $500 which was to be returned to him upon request and that appellant wrongfully and wilfully converted the same to his own use, etc. The second count was similar to the first count except that the amount of money alleged to have been converted was $350. The third count was for the wilful and wrongful conversion of personal property, consisting of fruit, candy, etc., owned and held by appellee in connection with a fruit store in Mattoon, Illinois. The fourth count was for the wrongful and wilful conversion by appellant of appellee's business and personal property used in his business as a fruit and candy merchant in said city. Appellee filed his plea of not guilty and a plea setting up an accord and satisfaction. Issue was joined on these two pleas and a verdict returned for appellee as hereinbefore stated.

We have examined the evidence and are fully satisfied that the verdict and judgment involved are in accord with the merits of the case and that recovery was proper under the first or second counts of the declaration.

The issue was purely one of fact. Appellee testified that he let appellant have money which appellant was to return to him on demand; that a part had been returned and the balance wrongfully converted by appellant. In this claim he was corroborated to quite an extent by the testimony of several other witnesses.

Appellant claimed that the money had been paid to him by appellee in the purchase of appellant's business and also claimed that he had settled with appellee and had given to him a diamond ring in full accord and satisfaction and in these claims he was to some extent corroborated by other witnesses. Both of these claims so made by appellant, appellee expressly denied. The parties were foreigners who spoke our language imperfectly and, as witnesses, found great difficulty in making themselves understood. The record shows that in many instances the meaning of the expressions employed by the parties, as well as some of the witnesses, was not free from doubt; that in some instances repetitions of testimony at considerable length were had and even then the meaning left uncertain.

The jury saw the parties and their witnesses, and heard them give their testimony and we are not disposed to set aside the verdict, which does not appear to be against the weight of the evidence, which the trial court, after *remittitur* approved, and whereby, by such verdict, substantial justice seems to have been done between the parties.

Appellant has argued at considerable length several errors which we do not deem it essential to discuss. There is no prejudicial error in the record and the judgment is affirmed.

*Affirmed.*